UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HILDA EDWARDS, ET AL.

VERSUS

LIBERTY MUTUAL INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NUMBER 15-19-SDD-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 17, 2015.

　　　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HILDA EDWARDS, ET AL

VERSUS

LIBERTY MUTUAL INSURANCE
COMPANY, ET AL

CIVIL ACTION

NUMBER 15-19-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Hilda and Arthur Edwards. Record document number 8. The motion is opposed.[1]

For the reasons which follow, the Motion to Remand should be denied.

**Background**

Plaintiffs filed a Petition for Damages in state court based on a motor vehicle accident which occurred on January 22, 2014. Plaintiffs alleged that defendant Edward McAlpine was driving an 18-wheeler in the course of his employment with defendant Wal-Mart Transportation, L.L.C. on Interstate 10 in West Baton Rouge Parish. Plaintiffs alleged that McAlpine rear-ended a vehicle driven by defendant Ashley Edwards (no relation to the plaintiffs). Plaintiffs alleged that after this initial collision the Wal-Mart vehicle struck the rear of the plaintiffs' vehicle.

---

[1] Record document number 15.

Defendants Wal-Mart and McAlpine removed the plaintiff's case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, specifically alleging that the Louisiana citizenship of defendant Edwards should be ignored because she was improperly joined.[2] Defendants argued that the plaintiffs cannot establish a cause of action against defendant Edwards because there are no facts to demonstrate that she was at fault under Louisiana law.

Plaintiff moved to remand, arguing that defendant Edwards was not improperly joined and the defendants cannot show that there is no possibility of establishing a cause of action against her. In support of their argument, the plaintiffs asserted that because Wal-Mart and McAlpine have denied all liability in their answer to the plaintiffs' petition, they will likely try to rebut the presumption of their negligence by demonstrating that defendant Edwards' fault contributed to the accident.

---

[2] Record document number 1, Notice of Removal, ¶ 12-18. Defendant alleged diversity citizenship as follows: (1) plaintiffs are citizen of Louisiana; (2) Edward McAlpine is a resident of and is domiciled in Mobile, Alabama;(3) Wal-Mart Transportation, L.L.C., is limited liability company whose sole member Wal-Mart Stores East, L.P. is comprised of WSE Management, L.L.C. and WSE Investment, L.L.C. Wal-Mart Stores East, Inc. is the sole member of both WSE Management, L.L.C, and WSE Investment, L.L.C., and is an Arkansas corporation with its principle place of business in Bentonville, Arkansas; (4) State Farm Mutual Automobile Insurance Company, is a foreign insurance corporation incorporated in Illinois, with its principle place of business in Bloomington, Illinois; and (5) Liberty Mutual Insurance Company is a foreign insurance corporation incorporated in Massachusetts, with its principle place of business in Boston, Massachusetts.

## Applicable Law

When jurisdiction is based on diversity of citizenship, the action is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In this case, the removing party alleged that in-state defendants, Central Louisiana Franchisee and Window World of Northwest Louisiana, Inc., have been improperly joined.

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that

3

there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id.* In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

The controlling state law here is the Louisiana statute and case law related to negligence, burden of proof and defenses in rear-end collisions.

LSA-R.S. 32:81(A) provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

Under this statute a well established presumption exists that in rear-end collisions the following driver is presumed negligent. To rebut the presumption and avoid liability, the following motorist has the burden of proving that he was not negligent by

4

showing that he had his vehicle under control, closely observed the lead vehicle, and followed it at a safe distance under the circumstances. Alternatively, the following motorist must show that the lead driver negligently created a hazard which could not reasonably be avoided, which is known as the "sudden emergency doctrine."[3] When other vehicles are able to stop behind the lead vehicle, the last one which precipitated the chain reaction collision is negligent. *Knowles v. McCright's Pharmacy, Inc.*, 34,559 (La.App. 2 Cir. 4/4/01), 785, So.2d 101, 104; *Domingo v. State Farm Mutual Automobile Ins. Co.*, 10-264 (La.App. 5 Cir. 11/9/10), 54 So.3d 74, 80-81; *King v. State Farm Ins. Co.*, 47, 368 (La.App. 2 Cir. 8/8/12), 104 So.3d 33, 38.

**Analysis**

Based on a review of the allegations in the petition and the evidence in light of the applicable law, the defendants have satisfied their burden of establishing that the plaintiffs have no reasonable possibility of recovery against defendant Edwards. Defendants provided an affidavit from defendant Edwards to demonstrate that she was not at fault.[4] According to her

---

[3] The defense of sudden emergency is treated as one of the factual considerations used in assessing the degree of fault to be attributed to a party. *King*, *supra*.

[4] Record document number 15-1, Exhibit A. Defendant Edwards stated that she had been stopped in right hand lane of Interstate 10 for 15-20 seconds when she saw an 18-wheeler approaching in her
(continued...)

affidavit, she was stopped for 15 - 20 seconds before the Wal-Mart vehicle struck her vehicle, and her vehicle did not contact the plaintiffs' vehicle. These facts are not contested by the plaintiffs or by the other defendants. Plaintiffs' unsupported speculation and arguments in their supporting memorandum are not summary judgment-type evidence the court may consider.

Because the defendant Edwards was improperly joined, her citizenship is ignored, there is complete diversity of citizenship between the plaintiffs and the other defendants, and the court has subject matter jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Hilda and Arthur Edwards be denied.

Baton Rouge, Louisiana, April 17, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

⁴(...continued)
rearview mirror. Defendant Edwards stated that she turned her steering wheel to the right and took her foot off of the brake, with the intention of moving her vehicle off of the roadway. Defendant Edwards stated that her vehicle was subsequently struck in the rear by the 18-wheeler, which propelled her vehicle off of the roadway without striking the plaintiffs' vehicle.

6